### In re HAAS' ESTATE.

(*Supreme Court, General Term, Fourth Department.* July, 1888.)

RELEASE AND DISCHARGE—RELEASE OF LEGACY—VALIDITY.

A husband who was entitled to a legacy of $2,256.58, due his deceased wife from her mother's estate, released the same nine days after his wife's death in favor of the other beneficiaries in consideration of $500 and the payment of his wife's funeral expenses. He was not certain at the time whether or not he was legally entitled to the legacy, but was told by the draughtsman of the will that he supposed he was entitled to it, but it would have to go through a course of law. It was also suggested that it would not be right for him to take the legacy, the other beneficiaries being testators' children. *Held*, that the release was made with sufficient knowledge and was binding.

Appeal from surrogates' court, Broome county; W. B. EDWARDS, Surrogate.

Appeal by Milton P. Haas from a decree of the surrogate of Broome county, confirming the final account of Walton McKinney, administrator, and ordering a distribution of the estate of Nellie Haas, deceased. Nellie Haas died

intestate November 8, 1884, leaving no child her surviving, but leaving her husband, Milton P. Haas. At the time of her death she had received nothing on account of her share of the estate of Lucy C. White, deceased, but she was entitled to receive one-sixth of the estate of Lucy C. White, such share being about $2,200. On the 17th of November, 1884, nine days after the death of Nellie Haas, her husband executed, acknowledged, and delivered an instrument in writing wherein it is stated that Milton P. Haas "is supposed to be entitled to her share of said estate or the legacy to her," and in that instrument so executed by him it is further stated, viz.: "In consideration of the premises and the circumstances of the case, the said Milton P. Haas has agreed to sell, assign, transfer, and set over all his interest in the said estate and in said legacy to Nellie Haas for the sum of $500, the receipt whereof is hereby acknowledged, and that said executor pay the funeral expenses of said Nellie Haas, including burial lot, monument or head-stone, and assume the contract entered into by said Nellie Haas for a building lot with Solomon F. Cary, and all doctor's bills for attending her which have been made. It is further understood that the said legacy, and all my interest therein, is hereby assigned to the remaining legatees in said will, viz., Walton McKinney, Benton McKinney, Abbie McKinney, Jennie Ayers, Cora Goodale, equally, share and share alike." That instrument was acknowledged and delivered, and the terms thereof complied with. At the time said Haas was solicited to execute the release he did not know certainly whether or not he was legally entitled to his wife's share under Mrs. White's will, but the draughtsman of the will told him he supposed he was entitled to it, but it would have to go through a course of law. It was also suggested to him at the time that it would not be morally right for him to receive his wife's share as against the other legatees, who were children of Mrs. White. Upon the final settlement of the estate of Lucy C. White in the surrogates' court, July 6, 1885, it was found that the share of Nellie Haas, under the will of Lucy C. White, amounted at that date to the sum of $2,256.58. The surrogate upheld the transfer made by the appellant.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

Arms & Curtis, for appellant. Dan S. Richards, for respondent.

HARDIN, P. J. After a careful perusal of the evidence found in the appeal-book, we are satisfied the surrogate was warranted in finding as a matter of fact that no fraud was practiced upon the appellant by any of the parties to the assignment, and that he executed the same with full knowledge of its contents, and with a full appreciation of its legal effect. We are pursuaded that he was induced to execute the same "in consideration of the premises and the circumstances of the case," as well as in consideration of the $500 paid to him, and the other stipulations found in the instrument executed by him. It was only nine days after the death of his wife when his mind settled down upon the circumstances surrounding him, and it is very reasonable to suppose that he was moved somewhat, as many men under such circumstances would be, to let go a portion of the inheritance of his wife to her brothers and sisters. We think his assignment was his deliberate act, made with a knowledge of all the essential facts, and that the instrument ought to stand. We are quite well satisfied with the findings of fact made by the learned surrogate, based upon the evidence produced before him. We are also of the opinion that the learned surrogate has correctly stated the law applicable to the case in the opinion delivered by him. That opinion meets with our approval, and we think the conclusions stated in the opinion should be sustained. Decree of the surrogate affirmed, with costs.

FOLLETT and MARTIN, JJ., concurred.